THE BOWDITCH FURNITURE COMPANY *vs.* DANIEL A. JONES.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The plaintiff delivered furniture to the defendant which he selected from its stock and which he knew was charged to him on its books. Before this the defendant had orally agreed with *H*, the plaintiff's president and manager, to perform dental work for him and his family and take furniture in payment therefor.   This agreement was a secret one, unknown to the plaintiff or its directors.   *Held* that while this agreement might render *H* liable to the defendant, it could not affect the plaintiff's right to enforce a money payment for the furniture which had been ordered by and delivered to the

defendant; and that the trial court was correct in ruling that the plaintiff had sold to the defendant the furniture in question, and that the latter had purchased from and was indebted to the plaintiff for it.

Argued June 6th—decided September 27th, 1901.

ACTION to recover for merchandise sold, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff for $102 damages, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Wallace S. Moyle,* for the appellant (defendant).

*James D. Dewell, Jr.,* for the appellee (plaintiff).

HAMERSLEY, J. This action is brought to recover the price of goods sold and delivered and the value of services rendered. The items of the goods sold and the services rendered are stated in the bill of particulars, and also the credits for cash paid. The answer is a general denial. The court found the issues for the plaintiff and rendered judgment in its favor for the balance due.

The finding on appeal states the following material conclusions of fact as found by the court. The plaintiff is a corporation engaged in the furniture business, of which one Francis E. Hunn was president and manager. All the goods mentioned in the bill of particulars were purchased of the plaintiff, except the first item, which was purchased of a corporation to which the plaintiff is successor through a process of reorganization, and the claim against the defendant for the amount of that item was duly assigned to the plaintiff. (It is conceded that the validity of this item stands on the same ground as that of the others.) The other goods sold were selected by the defendant at the warehouse of the plaintiff, from the plaintiff's stock, and purchased of Mr. Hunn as the president and manager of the plaintiff. The services rendered

were ordered by the defendant of Mr. Hunn as the president and manager of the plaintiff. The defendant knew that the goods purchased belonged to the plaintiff, that the services ordered were rendered by the plaintiff, and that they were all charged against him, the defendant, upon the books of the plaintiff.

Prior to the purchases made and the rendition of services, the defendant and Mr. Hunn made an oral agreement " by which the defendant was to do dental work for Mr. Hunn and his family, and take in payment therefor goods and furniture from Mr. Hunn, it being understood by the defendant that such goods and furniture were to be taken from the stock of the plaintiff corporation." Mr. Hunn had no authority, either as president and manager, or otherwise, from the corporation, to make such an agreement, and the board of directors never knew of the existence of such an agreement until after this action was brought.

The finding contains a statement of some subordinate or evidential facts which the defendant claims tend to disprove the conclusions above stated. We fail to find in these subordinate facts anything necessarily inconsistent with the conclusions of the court, and therefore they cannot support any claim of error in those conclusions.

The last payment made by the defendant was by a check payable to the order of Mr. Hunn, which, with a receipted bill for dental services rendered Mr. Hunn by the defendant, was enclosed in an envelope addressed to Mr. Hunn and left at the office of the plaintiff. This check was indorsed by Mr. Hunn to the plaintiff, and its amount, by his direction, was credited to the defendant on the company's account with him. The amount of the check and of the receipted bill equaled the balance due the plaintiff from the defendant.

Upon these facts the court correctly held that the plaintiff had sold and delivered the goods, and rendered the services mentioned, in the bill of particulars, to the defendant, and that the defendant was indebted to the plaintiff for the balance found due.

The secret oral agreement with Hunn may render him lia-

ble to the defendant, but cannot affect the transaction between the defendant and the plaintiff corporation. So far as the corporation is concerned, that oral agreement is no more than a personal contract between Hunn and the defendant, that Hunn will protect him against the purchases he may make of the corporation, to the extent of the dental services he may render Hunn. This is a mere collateral agreement with Hunn, and cannot affect the right of the corporation to enforce payment for goods sold and services rendered to the defendant, nor compel it to accept in payment therefor the receipted bill for dental services rendered Hunn.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.